IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH SPRIGGLE, #LU-5028
S.C.I. Benner
301 Institution Dr.
Bellefonte, PA 16823

V.

C.O. MICHAEL LeVEBRE,
Sgt. McCullough, Inmate Carlton Ewell,

Case No. _____

CIVIL COMPLAINT

FILED
SCRANTON
JUN 0 4 2018
PER _____
DEPUTY CLERK

This Complaint is being filed under 42 U.S.C. §1983 - State Officials

All Defendants are being sued in their Individual Capacities.

1. PREVIOUS LAWSUITS

   A. Plaintiff has not filed any previous lawsuits in Federal Court.

INTRODUCTION

2. This is an action filed by Kenneth Spriggle under Section 1983 for violations of his Civil Rights related to an assault that occurred on March 9, 2017 at approximately 5:10 p.m. by Inmate Ewell. Plaintiff was severely beaten by Inmate Ewell in the presence of C.O. LeVerbe, who failed to act to stop the assault on Plaintiff. As a result, Plaintiff suffered traumatic brain injuries, and had to be Life Flighted to the Hospital for brain surgery. While in route, Plaintiff had to be revived. Plaintiff currently has a plastic plate in his skull and is permanently disabled, requiring therapy. Plaintiff attempted to file grievances regarding this matter, but is unable to complete the process without assistance. Plaintiff has been denied the right to file a criminal complaint with the State Police, and has requested that all video footage of the March 9, 2017 attack be preserved without response from staff.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331(a) in that this case is a civil action arising under the Constitution of the United States.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this actions seeks to address deprivation, under the color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the Jurisdiction of the United States.

5. Supplemental Jurisdiction of this Court in invoked pursuant to 28 U.S.C. §1367 and §1391, allowing Plaintiffs to seek relief where any Defendant resides, if all Defendants reside in the same state.

## PARTIES

6. Plaintiff, Kenneth Spriggle, at all times relevant, was confined by the Pennsylvania Department of Corrections (PA DOC) at the State Correctional Institution at Benner Township.

7. Defendants,


at all times relevant, were employed by the Pennsylvania Department of Corrections and worked at the State Correctional Institution at Benner Township.

8. Defendants,
at all times relevant, were employed by Geisinger Medical Center


9. Defendant, Inmate Carlton M. Ewell, FP-3049, at all times relevant, was confined by the Department of Corrections (PA DOC) at the State Correctional Institution at Benner Township.


## EXHAUSTION OF AVAILABLE REMEDIES

10. Plaintiff has exhausted all available remedies in accordance with 42 U.S.C. §1997(e. (a).

11. Plaintiff is prepared to show that any contention of non-exhaustion can be directly attributed to interference by Defendants and can back all claims through documentation and case law.

## STATEMENT OF FACTS

12. On March 9, 2017, at around 17:10, Plaintiff, Kenneth Spriggle, returned to his cell on HA-Block, Cell 182, and stood at the cell door while C.O. Michael LeVerbe made rounds with the computer wand.

13. While waiting for his door to be opened, Plaintiff was attacked from behind with a padlock in a sock by Inmate Ewell, who was housed in 170 cell.

14. Plaintiff was struck approximately 15 times on the left side of his head, and was subsequently kicked while lying on the floor by Inmate Ewell.

15. C.O. LeVerbe witnessed Inmate Ewell attacking Plaintiff, but failed to intervene, allowing Inmate Ewell to continue beating Plaintiff unabated.

16. A couple of Guards entered HA-Block in response to the attack on Plaintiff, but they also hesitated in stopping the attack by Inmate Ewell on Plaintiff.

17. Plaintiff was taken to the hospital by an ambulance, and was then life-flighted to Geisinger Medical Center. While in transit, Plaintiff coded and needed to be revived.

18. Plaintiff had to undergo an operation on the left side of his skull due to severe swelling, and a plastic plate had to be placed in Plaintiff's skull.

19. Plaintiff was transported to Pittsburgh Hospital for rehabilitation.

20. Plaintiff was returned to S.C.I. Benner's Infirmary, where he was informed that Inmate Ewell was in the Restrictive Housing Unit. (RHU).

21. A Certified Peer Specialist (CPS) named "Red" assisted Plaintiff in filing a grievance regarding Inmate Ewell still being in S.CI. Benner. After about 90 days Inmate Ewell was transferred to another facility.

22. CPS "Red" assisted Plaintiff in filing a second grievance regarding the March 9, 2017 attack. Staff has failed to respond to this grievance.

23. Plaintiff was informed that a State Trooper - Mr. Paulica, wanted to speak with Plaintiff regarding the March 9, 2017 attack in about 2 to 4 months after he healed from his surgery by Unit Manager Unbanick.

24. Plaintiff was informed that Trooper Paulica returned to S.C.I. Benner to speak with him regarding the March 9, 2017 attack by Inmate Ewell, and a Nurse told him that the matter was was resolved, and Plaintiff did not wish to pursue charges against Inmate Ewell.

25. Plaintiff and his family has requested that video footage on the March 9, 2017 attack by Inmate Ewell on Plaintiff be preserved and provided by staff to Plaintiff's family, but, to date, has been denied.

26. Plaintiff has requested to staff, including Unit Manager Urbanick, Counselor Eaken, and Security, that he be permitted to speak with the State Police, (Trooper Paulica), regarding pressing charges against Inmate Ewell, but has been denied.

27. Plaintiff has been informed that the Dept. of Corrections has implemented a policy regarding inmate-on-inmate assaults where they require at least 2 staff members for every inmate involved in an assault. This policy is responsible for the unabated assault on Plaintiff by Inmate Ewell while C.O. LeVerbe stood idly by.

28. As a result of this vicious attack, Plaintiff has suffered permanent damage, including seizures, a speech impediment, partial paralysis, memory loss, migraine headaches, and has a plastic plate in his scull.

## CLAIMS FOR RELIEF

Plaintiff, Kenneth Spriggle, reallege and incorporate herein, individually, severally and/or jointly the allegations contained in Paragraphs 1 through    .

The failure of Defendant C.O. Michael LeVerbe to act on behalf of Plaintiff contributed and/or proximately caused the above-described damage to Plaintiff in violation of the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

The failure of Sgt. McCullough and other staff who responded to the March 9, 2017 attack on Plaintiff contributed to and/or proximately caused the above-described damage to Plaintiff in violation of the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

The actions of Nurse Janice in informing Trooper Paulica that Plaintiff did not want to press charges regarding the March 9, 2017 attack violated the U.S. Constitution.

The actions of Staff members in refusing Plaintiff and his family access to the video footage of the March 9, 2017 attack on Plaintiff in violation of his Constitutional rights.

The actions and/or inaction of staff in failing to respond to his grievance related to the March 9, 2017 attack violated Plaintiff's Constitutional rights.

The actions of Inmate Ewell in attacking and assaulting Plaintiff resulting in permanent damage to Plaintiff's skull and mental abilities violated Plaintiff's Constitutional rights.

The actions of Supt. Tammy Ferguson, Secretary of Corrections John Wetzel and others in implementing a policy requiring that 2 staff members for every 1 inmate involved in a physical altercation caused the above-described violations of Eighth Amendment to the U.S. Constitution.

Plaintiff seeks Injunctive Relief in the form of release of all footage related to the March 9, 2017 attack on Plaintiff on HA-Block, and the names of all staff members who responded to the March 9, 2017 assault by Inmate Ewell.

Plaintiff, Kenneth Spriggle, seeks Compensatory Damages in the amount of $ 12 million against each Defendant, individually, Severally, and Jointly.

Plaintiff, Kenneth Spriggle, seeks Punitive damages in the amount of $ 12 million against each Defendant, Individually, Severally and Jointly.

Plaintiff, Kenneth Spriggle, seeks Actual Damages in the amount of $ 12 million against each Defendant, Individually, Severally and Jointly.

Plaintiff, Kenneth Spriggle, seeks Nominal Damages in the amount of $ 12 million against each Defendant, Individually, Severally, and Jointly.

Plaintiff seeks a TRIAL BY JURY OF TWELVE on all triable issues.

Plaintiff requests any additional relief this Court deems just, proper, and equitable.

Respectfully Submitted,

Date: MAY 27, 2018

_Kenneth Spriggle_
KENNETH SPRIGGLE, LU-5028
S.C.I. Benner
301 Institution Dr.
Bellefonte, PA 16823

KENNETH SPRIGGLE, LV-5028
S.C.I. BENNER Township
301 Institution DR.
BELLEFONTE, PA. 16823

RECEIVED
SCRANTON
JUN 04 2018
PER _____ DEPUTY CLERK

OFFICE OF The Clerk
UNITED STATES DISTRICT COURT
FOR The middle DISTRICT
OF PENNSYLVANIA
235 North Washington Avenue
P.O. BOX 1148
Scranton, PA. 18501-1148

INMATE MAIL
PA DEPT OF
CORRECTIONS

