# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH SPRIGGLE,

    Plaintiff

v.

CO MICHAEL LEVEBRE, *et al.*,

    Defendants

CIVIL ACTION NO. 3:18-CV-1136

(Judge Caputo)

## MEMORANDUM

**I. Introduction**

Plaintiff Kenneth Spriggle, an inmate presently housed at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on May 27, 2018. (ECF No. 1.) Named as Defendants are Corrections Officer (CO) Michael LeVebre, Sergeant (Sgt.) McCullough, and inmate Carlton Ewell.

Mr. Spriggle seeks to proceed *in forma pauperis*. (ECF No. 2.) For the reasons set forth below, the Complaint against inmate Ewell will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Mr. Spriggle will be granted leave to file an amended complaint.

**II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints**

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. §

1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III. Allegations of the Complaint

On March 9, 2017, at approximately 17:10, while housed at SCI-Benner, Inmate Ewell attacked Mr. Spriggle from behind with a sock containing a padlock. Inmate Ewell struck Plaintiff approximately fifteen times on the left side of his head. CO Levebre witnessed the assault but failed to immediately intervene. "A couple of guards entered HA-Block in response to the attack on Plaintiff, but they also hesitated in stopping the attack by Inmate Ewell on Plaintiff." (ECF No. 1, Compl. at ¶ 16.) Plaintiff was transported via life-flight to Geisinger Medical Hospital and then the Pittsburgh Hospital for rehabilitation. Mr. Spriggle suffered traumatic brain injuries and required an operation to place a plastic plate in his skull. He suffers from ongoing disabilities (seizures, a speech impediment, partial paralysis, memory loss, and migraines) due to the assault.

Upon his return to SCI-Benner Mr. Spriggle was placed in the institution's infirmary. While housed there he learned inmate Ewell was housed in SCI-Benner's Restricted Housing Unit (RHU). After grieving that issue, inmate Ewell was transferred to another facility. Plaintiff also filed a grievance concerning the March 9, 2017-attack but staff never responded to it.

Several months following the March 2017-event, Mr. Spriggle learned that Pennsylvania State Police (PSP) Trooper Paulica wanted to speak to him concerning the attack. When Trooper Paulica returned to the institution to speak with Mr. Spriggle "a Nurse told him the matter was was (sic) resolved, and Plaintiff did not wish to pursue charges against Inmate Ewell." (Id. at ¶ 25.) Mr. Spriggle alleges he "has been denied the right to file a criminal complaint" against inmate Ewell due to the nurse's actions. He

- 4 -

also claims his Unit Manager, Counselor and Security have denied his requests to speak with Trooper Paulica. (*Id.* at ¶ 26.)

Mr. Spriggle claims the Pennsylvania Department of Corrections (DOC) "has implemented a policy regarding inmate-on-inmate assaults where they require at least 2 staff members for every inmate involved in an assault. This policy is responsible for the unabated assault on Plaintiff by Inmate Ewell while C.O. LeVerbe stood idly by." (*Id.* at ¶ 27.)

In his claim for relief, Mr. Spriggle seeks monetary damages from each defendant (Ewell, LeVerbe and McCullough) as well as other non-defendants DOC employees ("Nurse Janice", Superintendent Tammy Ferguson and Secretary John Wetzel). (*Id.*, Claims for Relief.)

IV. **Discussion**

Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254 - 55, 101 L.Ed.2d 40 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### A. Inmate Carlton Ewell

To the extent Mr. Spriggle seeks to set forth a claim against his fellow inmate, Mr. Ewell, he sets forth no basis for a claim under Section 1983 which provides a remedy against persons acting under color of state law. Mr. Ewell is an incarcerated individual; he is not a state actor. See *Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011). Nor do the facts set forth in Mr. Spriggle's Complaint suggest that Mr. Ewell somehow acted on behalf of the state, or conspired with state actors, when he assaulted Plaintiff. See *Id.* (fellow inmate who assaulted plaintiff did not act under color of state law and thus could not be liable under 42 U.S.C. § 1983). Therefore, the Court will dismiss Mr. Spriggle's Section 1983 claim against Inmate Ewell with prejudice.

### B. Official Capacity Claims for Damages Against Prison Officials in their Official Capacities.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See *Pennhurst v. Halderman*, 465 U.S. 89, 99-100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984); *A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. See *Hafer v. Melo*, 502 U.S. 21, 25 - 27, 112 S.Ct. 358, 361 - 62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 - 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. See 42 Pa. Cons. Stat. Ann. § 8521 - 22. However, state officials sued in their *individual* capacities are "persons" within the meaning of Section 1983. See *Hafer*, 502 U.S. at

31, 112 S.Ct. at 364 - 65. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.*

Mr. Spriggle does not specify whether he is suing the defendants in their individual or official capacities. Any claim for monetary damages against the defendants in their official capacities are subject to dismissal with prejudice.

### C. Claims against Secretary Wetzel & Superintendent Ferguson

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323 F.3d 236, 249 - 50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207 - 08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201 – 02

(3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202).

Here, it is unclear whether Mr. Spriggle sought to name Secretary Wetzel and Superintendent Ferguson as defendants in his Complaint. As Mr. Spriggle is proceeding *pro* se, the Court will liberally construe his inclusion of their names in his "Claims for Relief" as an attempt to do so. With that said, Plaintiff fails to allege *any* actions taken by Secretary Wetzel or Superintendent Ferguson, let alone their personal involvement in any of the alleged claims. There are no allegations of their personal direction, actual knowledge, or acquiescence in the events of March 9, 2017 which is required to show personal involvement sufficient to state a claim of individual liability under § 1983. Accordingly, the Court will dismiss all claims against Secretary Wetzel and Superintendent Ferguson without prejudice and allow Mr. Spriggle to file an amended complaint alleging facts of their personal involvement, if possible, sufficient to state a claim of individual liability against them under § 1983.

### D. Failure to Press Criminal Charges Against Inmate Ewell

Mr. Spriggle alleges that "Nurse Janice" and other non-defendants (Unit Manager Urbanick and Counselor Eaken) failed to assist him in contacting Trooper Paulica to file criminal charges against inmate Ewell. This claim sounds in negligence. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48, 106 S.Ct. 668, 88 L.Ed.2d

677 (1986). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). Thus, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, any failure on the part of any corrections official to bring criminal charges on Mr. Spriggle's behalf against his attacker does not rise to the level of a constitutional violation.

To the extent Mr. Spriggle suggests "Nurse Janice," on one occasion, erroneously advised Trooper Paulica that he did not wish to pursue charges against inmate Ewell, this allegation also does not rise to the level of a constitutional violation. Importantly, there is no assertion by Plaintiff that Nurse Janice, or others, prevented him from writing to Trooper Paulica directly (or the local district attorney) and requesting to file a private complaint against inmate Ewell. As a result, there was no interference with Plaintiff's right of access to the courts which is guaranteed under *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

### D.     Leave to Amend

Mr. Spriggle will be granted twenty-one days to file an amended complaint alleging the personal involvement of Secretary Wetzel, Superintendent Ferguson and any others he claims were involved in the March 9, 2017-event and the alleged interference with his ability to access the courts to pursue criminal charges against inmate Ewell. If Mr. Spriggle decides to file an amended complaint, he is advised he

must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Spriggle is advised that any amended complaint he may file supersedes (replaces) the original complaint. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not included in the amended complaint are waived.

Mr. Spriggle is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Claims and individuals unrelated to the March 9, 2017-event may not be joined in this action. *See* Fed. R. Civ. P. 20.

Plaintiff must also specify the relief he seeks. Mr. Spriggle's failure to file an appropriate amended complaint within the required time will result in this matter

proceeding exclusively on Plaintiff's Eighth Amendment failure to protect/intervene claim lodged against CO LeVerbe and Sgt. McCullough. Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. See M.D. Pa. LR 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

Date: March 12, 2019              /s/ A. Richard Caputo
                                  **A. RICHARD CAPUTO**
                                  **United States District Judge**