# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SPRIGGLE, | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:18-CV-1136 |
| v. | : |
| | : (Judge Caputo) |
| CO MICHAEL LEVEBRE, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Presently before the Court is Mr. Spriggle's letter-motion for appointment of counsel (ECF No. 14). For the following reasons, the motion will be denied without prejudice.

I.  **Background**

On May 27, 2018, Mr. Spriggle, a state inmate housed at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment failure to protect/failure to intervene claim against Secretary Wetzel, Superintendent Ferguson, and two SCI-Benner corrections officers. Plaintiff also named the inmate who assaulted him as a defendant. (ECF No. 1.) Mr. Spriggle alleged on March 9, 2017, while he was being assaulted by another inmate, CO LeVebre and others failed to promptly intervene resulting in him suffering extensive head and brain trauma. (*Id.*) On March 12, 2019, the Court dismissed Mr. Spriggle's claims against the inmate-assailant, his claims

against Secretary Wetzel and Superintendent Ferguson, and his official capacity claims against the corrections Defendants pursuant to 28 U.S.C. § 1915. Mr. Spriggle was granted leave to amend his complaint. (ECF Nos. 12 and 13.)

Mr. Spriggle filed an Amended Complaint on April 6, 2019. (ECF No. 15.) He names CO Michael LeVebre, Sgt. McCullough and the Pennsylvania Department of Corrections as Defendants. (*Id.*) He asserts that CO LeVebre and Sgt. McCullough failed to promptly stop the assault. The Court has recently screened the Amended Complaint pursuant to 28 U.S.C. § 1915 and directed service of the Amended Complaint.

## II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Parham v. Johnson*, 126 F.3d 454, 456 – 57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). "Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)) (emphasis in original).

"[V]olunteer lawyer time is a precious commodity[,]" *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n. 10. The Third Circuit Court of Appeals has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the Court must decide whether the plaintiff's case, "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers several factors to determine whether to request counsel for an indigent party. These factors include: (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155 - 57. If the case "appears to have merit" and "most of the aforementioned [*Tabron*] factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Montgomery*, 294 F.3d at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted) (alteration in original).

In the instant case, Mr. Spriggle seeks counsel because prior to the March 9, 2017 assault his "brain and [his] body were excellent and now the left side of my brain is damaged, and skull already gone." (ECF No. 14.) He claims he cannot fill out

"[V]olunteer lawyer time is a precious commodity[,]" *Montgomery*, 294 F.3d at 499, so the decision to recruit counsel for an indigent prisoner should be exercised "discerningly." *Id.* at 505 n. 10. The Third Circuit Court of Appeals has provided guidance for the exercise of the district court's discretion in this regard. At the threshold, the Court must decide whether the plaintiff's case, "has some arguable merit in fact and law." *Id.* at 499. A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)) (internal quotation marks and brackets omitted). If the threshold requirement is met, the Court then considers several factors to determine whether to request counsel for an indigent party. These factors include: (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155 - 57. If the case "appears to have merit" and "most of the aforementioned [*Tabron*] factors have been met," the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Montgomery*, 294 F.3d at 505 (quoting *Parham*, 126 F.3d at 461) (internal quotation marks omitted) (alteration in original).

In the instant case, Mr. Spriggle seeks counsel because prior to the March 9, 2017 assault his "brain and [his] body were excellent and now the left side of my brain is damaged, and skull already gone." (ECF No. 14.) He claims he cannot fill out

paperwork because of damage to the left side of his brain and a speech impediment. (*Id.*)

The Court has only recently directed service of Mr. Spriggle's Amended Complaint. Defendants will either challenge the legal basis of the Amended Complaint of file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claim for the purpose of appointing him counsel. To date, Mr. Spriggle's Complaint, Amended Complaint and motion for counsel have been clearly worded and present concise arguments. Thus, he does demonstrate difficulty communicating in written English. To the extent that Mr. Spriggle's request for counsel is based on the fact of his incarceration or indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). While Mr. Spriggle has concerns as to his speech impediment, at this stage of the pleadings, this does not appear to present an impediment to his self-representation. At this point in the litigation, there is no evidence that any prejudice will befall Mr. Spriggle in the absence of court-appointed counsel. Consequently, his request for counsel will be denied without prejudice.

An appropriate order follows.

Date: **May 8, 2019**  /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　**United States District Judge**