## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SPIGGLE, | : | Civil No. 1:18-CV-01136 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CO MICHAEL LEFEBVRE,[1] *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Defendants' motion for summary judgment, Doc. 47, and Plaintiff's request for oral argument, Doc. 53.  The court has reviewed the evidence submitted by the parties and their briefing.  For the reasons explained below, Defendants' motion for summary judgment is granted, and the request for oral argument is denied.

### PROCEDURAL BACKGROUND

Plaintiff, an inmate at the State Correctional Institute at Benner Township ("SCI-Benner Township") at Bellefonte, Pennsylvania, initiated this action on June 4, 2018 and is proceeding *in form pauperis*.  (Docs. 1, 13.)  Attorney Leticia C. Chavez-Freed filed a notice of appearance on behalf of Plaintiff on July 15, 2019.

---

[1] Plaintiff spelled Defendant's name LeVebre his complaint.  (Docs. 1, 28.)  However, the correct spelling is Lefebvre.  (Doc. 48-2.)

(Doc. 23.)[2]  An amended complaint was filed on September 19, 2019, naming Michael McCullough ("Defendant McCullough" or "Sergeant McCullough"), Michael Lefebvre ("Defendant Lefebvre" or "Correctional Office Lefebvre"), and John and Jane Does as defendants.  (Doc. 28.)  Plaintiff brought three counts against Defendants: (1) an Eighth Amendment and Fourteenth Amendment claim of failure to protect based on leaving the cafeteria unsupervised and failing to intervene or stop the attack on Plaintiff that resulted in the use of excessive force and cruel and unusual punishment without just and legal cause; (2) a Pennsylvania Tort claim under PA.C.A. § 8501 *et seq*.; and (3) an Eighth Amendment and Fourteenth Amendment claim that Defendants' act of leaving the cafeteria unsupervised and failing to intervene or stop the attack on Plaintiff resulted in cruel and unusual punishment.  (Doc. 28, pp. 5–8.)[3]  On September 27, 2019, the parties stipulated to a dismissal of the Pennsylvania Tort claim.  (Doc. 29.)  Defendants then timely answered the amended complaint.  (Doc. 30.)

On June 2, 2021, Defendants filed the instant motion for summary judgment. (Doc. 47.)  The matter has been fully briefed and is ripe to be addressed.  On

---

[2] Plaintiff was also represented by Attorney Alexandria Lappas, who filed a notice of appearance on August 23, 2021, Doc. 54, and a withdrawal on March 25, 2022, Doc. 55.

[3] For ease of reference, the court utilizes the page numbers from CM/ECF header.

August 4, 2021, Attorney Chavez-Freed requested oral argument on the pending

motion for summary judgment.  (Doc. 53.)

## JURISDICTION AND VENUE

The court has federal question jurisdiction over the complaint as it asserts

claims under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331. Venue is appropriate

because all actions detailed in the amended complaint occurred within the Middle

District of Pennsylvania.  28 U.S.C. § 1391(b)(2).

## STANDARD

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is

not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v.*

*Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh*

*Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts

in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

DISCUSSION

### A. Affidavits Produced by Plaintiff Outside of Time Allowed for Discovery Will Not Be Considered.

Prior to addressing the merits of the pending motion for summary judgment, the court must first address an issue regarding certain evidence relied upon by Plaintiff in his brief in opposition to Defendants' motion for summary judgment. Specifically, attached to Plaintiff's brief in opposition to Defendant's motion for summary judgment were three affidavits from inmates at SCI-Benner Township: Samuel Bump, Doc. 51-4; Kyle Wilson, Doc. 51-5; and Alexander Frye, Doc. 51-6.  These individuals were not included in Plaintiff's initial disclosures.  (Doc. 52-2.)  Defendants allege that these inmates were not disclosed otherwise before their affidavits were submitted with Plaintiff's brief.  (Doc. 52, p. 9.)

Federal Rule of Civil Procedure 26 provides the following:

> a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that

5

the disclosing party has in its possession, custody, or control and may use to support its claims or defenses" as well as "a computation of each category of damages claimed by the disclosing party.

Fed. R. Civ. P. 26(a). In addition, a party also has the obligation to supplement or correct his initial disclosures if he "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

If a party fails to provide the information required by Rule 26(a) and (e), Rule 37(c) states, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When looking at whether the failure was substantially justified or harmless and determining whether to exclude evidence, the Third Circuit has set forth four factors that the court must consider:

(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;

(2) the ability of the party to cure that prejudice;

(3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and

(4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir. 1997); *McCann v. Miller*, 502 Fed. Appx. 163, 171–72 (3d Cir. 2012) (extending these factors in reviewing evidence excluded in addressing a motion for summary judgment).  In addition to these factors, the Third Circuit also addresses "the importance of the excluded testimony[,] . . . [for] the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Konstantopoulos*, 112 F.3d at 719.

Here, the inmate witness affidavits were not disclosed to Defendants and the witnesses were not even identified until Plaintiff filed his brief in opposition to Defendants' motion for summary judgment.  Furthermore, Plaintiff is attempting to use the statement of Frye as evidence that Defendant Lefebvre called Plaintiff a "child molester" in the presence of other inmates.  (Doc. 51, pp. 5–7.)  However, as discussed below, Plaintiff never alleged the Defendant Lefebvre called him a "child molester," and the claim that he was referred to as a "child molester" is not the basis for the § 1983 claim.  Therefore, the untimely disclosure of these affidavits not only prejudices Defendants, but also severely disrupts the orderly and efficient ligation process in this case because the Frye affidavit in particular appears to interject an entirely new issue into the case.  As such, these affidavits

7

will not be considered when addressing Defendants' motion for summary judgment.

### B. Facts Material to Plaintiff's Claims[4]

#### 1. Correctional Officer Michael Lefebvre

Plaintiff asserts Eighth and Fourteenth Amendment claims against Defendant Lefebvre, a correctional officer at SCI-Benner Township where Plaintiff is an inmate. On March 9, 2017, at 11:20 a.m., Inmate Carlton Ewell attacked Plaintiff on the "A Pod" of the "H Unit." (Docs. 48, p. 1; Doc. 50, p. 2.) Inmate Ewell attacked Plaintiff in the dayroom,[5] striking him in the head with a homemade weapon consisting of a lock tied to an extension cord. (*Id.*) Plaintiff fell to the floor and Inmate Ewell struck him nine more times and kicked him six times in the head and upper body. (Docs. 48, p. 2; Doc. 50, p. 2.) Officer Lefebvre was conducting a security round on the top tier of the housing unit when the attack occurred on the bottom tier. (*Id.*) Office Lefebvre notified the Institutional Control Center via radio, which triggered a response by back-up officers and medical personnel, and proceeded to the scene. (*Id.*) Another inmate initially

---

[4] In accordance with the court's Local Rules, the parties have filed their respective statements of material facts. (Docs. 48, 50.) From those statements, the court has culled the undisputed facts in this matter and has set forth those facts in this section. To the extent that there are any disputes arising from the parties' statements, the court will expressly note such disputes herein. The court has excluded assertions that are supported only by the three excluded affirmations, as discussed above.

[5] Based on the briefing, the dayroom appears to be the "cafeteria" referenced in the complaint.

approached Inmate Ewell to attempt to stop the attack. (*Id*.) Officer Lefebvre handcuffed Inmate Ewell. (*Id*.) Medical personnel arrived to attend to Plaintiff five minutes after Officer Lefebvre's call to Control. (*Id*.)

Office Lefebvre had no prior knowledge or warning that the attack would occur. (Docs. 48, p. 4; Doc. 50, p. 4.) Officer Lefebvre had no authority over which inmates are housed in the unit. (*Id*.)

The issue in dispute is Officer Lefebvre's response to the attack, including the speed and urgency of his arrival to the scene of the attack and the actions taken following his arrival.

### 2. Sergeant McCullough

Plaintiff asserts Eighth and Fourteenth claims against Defendant McCullough, who works at SCI-Benner Township as a sergeant. At the time of the attack, there was one officer assigned per housing pod, and one roving sergeant for each housing unit. (Docs. 48, p. 3; Doc. 50, p. 2.) Defendant McCullough was at lunch when the attack on Plaintiff occurred. (Docs. 48, p. 2; Doc. 50, p. 2.) Defendant McCullough responded after the radio transmission. (Docs. 48, p. 3; 50, p. 3.)

Defendant McCullough had no prior knowledge or warning that the attack would occur. (Docs. 48, p.4; Doc. 50, p.4.) Defendant McCullough had no authority over which inmates are housed in the unit. (*Id*.)

The issues in dispute are the role of a sergeant for the block and the speed and urgency with which Defendant McCullough responded to the attack.  Plaintiff asserts that a correctional officer is not a replacement for a block supervisor and a custom existed in which the supervising correctional officer would wait for a replacement prior to going to lunch.  (Doc. 50, p. 3.)

### 3.  Plaintiff

Plaintiff had no prior warning or indication that he was going to be attacked on March 9, 2017.  (Docs. 48, p. 3; Doc. 50, p. 3.)

There is a dispute as to whether Plaintiff interacted with Inmate Ewell earlier that day.  (Docs. 48, p. 3; Doc. 50, p. 3.)  Plaintiff asserts that on March 9, 2017, he and Inmate Ewell had an interaction in which he told Inmate Ewell to "show some respect" after Inmate Ewell had bumped into an elderly inmate.  (Doc. 50, pp. 3, 5.)  Defendants allege that Plaintiff had only had one prior interaction with Inmate Ewell, in which Plaintiff complimented him on his weightlifting.  (Doc. 48, p. 3.)

### C. Claims Against Sergeant McCullough

Initially, the court will review the claims filed against Defendant McCullough, who was not present at the time of the attack.  "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of [respondent] superior.  Personal involvement can be shown through allegations

of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)).

Here, the parties agree that Defendant McCullough was at lunch at the time the attack occurred.  Plaintiff appears to argue that Defendant McCullough's predecessor waited to take lunch breaks until another sergeant was available and suggests that his failure to do the same should result in liability for the events that took place in his absence.  (Doc. 51, p. 8).  However, the custom of another employee is not proof of required conduct.  Defendants have presented evidence that at the time of the attack, there was one officer assigned per housing pod and one roving sergeant for each housing unit and sergeants could leave their posts for meals, so long as there was one uniformed correctional officer on each wing of the block.  (Doc. 48-4, pp. 1–2.)  Plaintiff presented no evidence that Defendant McCullough violated any correctional policy on the day of the attack.  Therefore, the motion for summary judgment regarding all claims against Defendant McCullough is granted based on his lack of personal involvement in the events at issue.

### D. Fourteenth Amendment Claims Against Correctional Officer Michael Lefebvre

The parties agree that the Eighth Amendment is the proper vehicle for Plaintiff's claims.  (Docs. 49, p. 9, Doc. 51, p. 14, n. 1.)  Therefore, the motion for

summary judgment regarding the claims against Defendant Lefebvre brought under the Fourteenth Amendment is granted without opposition.

### E. Eighth Amendment Claims Against Correctional Officer Lefebvre

#### 1. Counts I and III Assert Eighth Amendment Violations Based on Deliberate Indifference

Counts I and III, as presented in the complaint, are the same.  The complaint alleges Count I as an Eighth Amendment claim premised on a failure to protect and a failure to intervene or stop the attack.  (Doc. 28, pp. 5–7.)  Likewise, the complaint frames Count III as a 42 U.S.C. § 1983 claim arising from the Eighth Amendment violation by failing to protect and failing to intervene or stop the attack.  (Doc. 28, p. 8.)  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Thus, §1983 provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws.  *Estate of Smith v. Marasco,* 318 F.3d 497, 505 (3d Cir. 2003); *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir. 1996).  Therefore, Counts I and III of the complaint are the same cause of action.  As a result, the court will address these claims together.

The court notes that Plaintiff attempts in his brief in opposition to reframe Count I as an Eighth Amendment cruel and unusual punishment claim based on Defendant's alleged practice of calling Plaintiff a "child molester," Doc. 51, pp. 15–16, and the failure to protect Plaintiff from the "widespread use of metal padlocks as a weapon." (*Id*., pp. 16–17.)  However, the complaint bases the Eighth Amendment claim on the failure to protect by leaving the cafeteria unattended and the failure to intervene during the attack.  (Doc. 28, ¶¶ 49–51, 65–66.)  Therefore, the court will only address the Eight Amendment claim arising from the alleged failure to protect by leaving the cafeteria unattended and the alleged failure to intervene during the attack.

As noted, Plaintiff's complaint raises the issues of an alleged failure to protect by leaving the cafeteria unattended and an alleged failure to intervene during the attack.  These claims are based on separate facts, but both amount to claims of deliberate indifference.

"A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id*. at 833 (citations omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into

constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

The Supreme Court has found that an Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Id.* Furthermore, in cases involving prison safety or prison conditions, the relevant state of mind "is one of 'deliberate indifference' to inmate health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 (3d Cir. 2001).

This deliberate indifference standard "is a subjective standard under *Farmer*-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* Thus, "[d]eliberate indifference can be shown when a prison official *knows of and disregards* an excessive risk to inmate health or safety." *Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997) (emphasis added). Accordingly, "to survive summary judgment on an Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Davis v. Williams,* 354 F. App'x 603, 605–606 (3d Cir. 2009).

As explained in *Beers-Capitol,* in Eighth Amendment cases based on allegations of deliberate indifference on the part of prison officials or other supervisory defendants, the Supreme Court has "rejected an objective test for deliberate indifference; instead it looked to what the prison official actually knew rather than what a reasonable official in his position would have known." *Id.* at 131. Specifically, the Supreme Court "held that 'a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer,* 511 U.S. at 837). This requirement of actual knowledge on the part of supervisory officials "means that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

The Third Circuit has recognized that mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. *See, e.g., Jones v. Beard,* 145 F. App'x 743 (3d Cir. 2005). However, the Third Circuit has interpreted *Farmer* to mean that "a plaintiff could make out a deliberate indifference case by showing that prison officials simply were aware of a general risk to inmates in the plaintiff's situation[.]" In order to show deliberate indifference in this fashion, a plaintiff needs to present evidence showing a

15

substantial basis for demonstrating that a prison official was deliberately

indifferent in the face of information that presented a substantial risk to inmate

safety for a particular inmate-plaintiff.  As the Supreme Court has observed in this

context: "If an Eighth Amendment plaintiff presents evidence showing that a

substantial risk of inmate attacks was *longstanding, pervasive, well-documented,*

*or expressly noted by prison officials in the past,* and the circumstances suggest

that the defendant-official being sued had been exposed to information concerning

the risk *and thus must have known about it,* then such evidence would permit a

trier of fact to find that the defendant-official had actual knowledge of the risk."

*Farmer,* 511 U.S. at 842–43 (emphasis added).

### i.  Leaving the Cafeteria Unsupervised

Defendants presented evidence that Defendant Lefebvre did not have

knowledge that the attack would occur, and Plaintiff agreed.  (Docs. 48, p. 4; 50, p.

4.)  However, Plaintiff alleges that his status as a "child molester" is sufficient to

demonstrate that he was vulnerable to physical assault by inmates.  (Doc. 51, p.

7.)[6]

As discussed above, the amended complaint does not allege that Defendants

failed to protect him based on his status as a child molester; rather, the amended

---

[6] The court accepts the evidence of Plaintiff's deposition that other inmates and Correctional
Officers called him a "child molester," Doc. 48-5, p. 16; Doc. 51, p. 7; Doc. 51-7, p. 2, but has
excluded the evidence that Defendant Lefebvre called him "child molester" in the affidavit by
Inmate Frye, Doc. 51-6

complaint alleges that Defendants failed to protect Plaintiff based on leaving the cafeteria unsupervised and failing to intervene or stop the attack.  All parties agree that Defendant had no knowledge that the attack would occur that day or that Inmate Ewell had any known relationship with Plaintiff that would make Plaintiff vulnerable in the event that the cafeteria was left unsupervised.  Plaintiff alleges that prior to the attack, there was a "show respect" confrontation between himself and Ewell, which is not discussed in Defendants' statement of facts.  However, Plaintiff failed to demonstrate that Defendant Lefebvre had any actual knowledge of this confrontation or that Inmate Ewell had a pervasive history of violence or any specific aggression towards Plaintiff that was within Defendant Lefebvre's knowledge.   Furthermore, despite Plaintiff's evidence that correctional officers and inmates called him a "child molester", Doc. 51-7, there is no evidence that Inmate Ewell's attack was committed for that reason.  Therefore, there is no evidence that Defendant had knowledge of any substantial risk of serious harm when he stepped out of the cafeteria.  As such, Defendant's motion for summary judgment based on the Eight Amendment claim in relation to leaving the cafeteria unsupervised is granted.

### ii.  Failure to Intervene

Plaintiff's remaining claim is an Eighth Amendment claim alleging a failure to intervene or stop the inmate attack.  Here, there is no material issue of fact that

Defendant was aware of a pervasive risk of harm to Plaintiff from Inmate Ewell once the attack had started.  As both parties agree, once Defendant was made aware of the attack, he radioed for assistance.  (Docs. 48, p. 2; Doc. 50, p. 2.) Therefore, the focal point of the analysis is whether Defendant acted with deliberate indifference to the risk in the way he responded once he had knowledge that the attack had commenced.

The parties agree that Defendant Lefebvre was conducting a security round on the top tier of the housing unit when the attack occurred on the bottom tier. (Docs. 48, p. 2, Doc. 50, p. 2.)  The parties further agree that Defendant Lefebvre notified the Institutional Control Center ("Control") via radio, which triggered a response by back-up officers and medical personnel, and proceeded to the scene of the attack.  (*Id.*)  Another inmate initially approached Inmate Ewell to attempt to stop the assault.  (*Id.*)  Officer Lefebvre then handcuffed Inmate Ewell.  (*Id.*)

As an initial matter, the court concludes as a matter of law, there is no duty of an unarmed officer to physically intervene in a prison fight which poses a serious risk of harm to the officer.  *See McDowell v. Deparlos*, No. 1:15-cv-00487, 2016 WL 423778 * 6 (M.D. Pa. Jan. 7, 2016) *report and recomm. adopted*, No. 1:15-CV-0487, 2016 WL 407393 (M.D. Pa. Feb. 3, 2016) (citing *Arnold v. Jones*, 897 F.2d 1370, 1373 (8th Cir. 1989); *Parker v. Mulderig*, No. CIV. A. 92-2645,

1993 WL 44275, *5 (E.D. Pa. Feb. 17, 1993) (also adopting the Eighth Circuit caselaw).

Therefore, the sole question is the promptness with which Defendant Lefebvre contacted Control and the promptness with which he proceeded to the scene where the attack occurred.  Defendant Lefebvre presented evidence that it is protocol to call Control and that he did so immediately.  (Doc. 48-2, p. 1.)  Plaintiff did not provide evidence to counter Defendant Lefebvre's statement that he contacted Control imminently.  (Doc. 50, ¶ 5.)  Next, Defendant Lefebvre presented evidence that he immediately responded to the scene of the attack, separated the inmates, and handcuffed Inmate Ewell.  Plaintiff counters this evidence of immediacy with the statements from three inmate witnesses regarding Defendant Lefebvre's gait, which have not been considered for the reason discussed above.  The evidence considered by the court with respect to this disputed fact is a time-stamped video that showed Inmate Ewell approaching Plaintiff at 11:20:37 a.m.; Inmate Ewell initially striking Plaintiff at 11:20:39 a.m.; Defendant Lefebvre proceeding down the stairs during the attack and arriving at the first floor at 11:20:57 a.m.; Inmate Ewell making his final contact with Plaintiff at 11:20:57 a.m.; and Inmate Ewell being placed in handcuffs by 11:21:14 a.m. (Doc. 48-1.)  The video evidence establishes that a total of 35 seconds elapsed from the start of the assault until Defendant Lefebvre took Inmate Ewell into

custody.  At no point from the beginning of the attack to the end did Defendant

Lefebvre appear to stall in order to allow Inmate Ewell to continue attacking

Plaintiff.  Based on a review of video evidence on this critical fact issue, Plaintiff

has failed to show that there is a genuine issue of material fact about whether

Defendant Lefebvre acted with deliberate indifference.  The evidence establishes

that he did not.  Defendants' motion for summary judgment will be granted on this

claim as well.

## CONCLUSION

Based on the foregoing, the court will grant Defendants' motion for

summary judgment, Doc. 47, and enter judgment in favor of Defendants.  The

court was able to resolve the pending motion for summary judgment without the

need for oral argument.  Therefore, Plaintiff's request for oral argument, Doc. 53,

is denied.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 18, 2022